IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-CV-00049-RLV
(5:03-CR-00004-RLV-3)

| | |
|---|---|
| JORGE GONZALEZ-JAIMES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on consideration of Petitioner's Motion filed pursuant to 28 U.S.C. § 2241, and for consideration of his alternative claims for relief. For the reasons that follow, Petitioner's Section 2241 motion will be denied along with his alternative claims for relief.

### I. BACKGROUND

On September 5, 2003, Petitioner was convicted of one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (Count One); two counts of possessing with intent to distribute cocaine, in violation of 21 U.S.C. § 841 (Counts Three and Ten); and one count of possessing with intent to distribute cocaine and aiding and abetting the same, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. Petitioner was sentenced to terms of 240-months' imprisonment on each count with all terms to run concurrently. (5:03-CR-00004, Doc. No. 193: Judgment in a Criminal Case). Petitioner filed an appeal to the United States Court of Appeals for the Fourth Circuit; Petitioner's criminal judgment was affirmed in all respects. United States v. Gonzalez-Jaimes, 91 F. App'x 886 (4th Cir. Mar. 30, 2004) (unpublished).

1

On March 25, 2013, Petitioner, through counsel, filed the present action seeking an order setting aside his mandatory minimum sentence of 20-years contending that the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), entitles him to such relief. Among other reasons, Petitioner asserts that he is entitled to relief under Simmons because the Fourth Circuit has changed the way that the district court must determine whether a prior conviction qualifies as a felony for the purpose of determining an appropriate sentence under the sentencing guidelines.

In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).The Fourth Circuit's en banc decision in Simmons was reached through the majority's interpretation of the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010). Namely, that the focus of whether a prior conviction qualified as a felony must center on the defendant that is before the sentencing court and not a hypothetical defendant.

In opinions filed after Petitioner filed the present motion, the Fourth Circuit has held that the Supreme Court's decision in Carachuri-Rosendo v. Holder, and its en banc opinion in Simmons are not retroactive to cases on collateral review. See United States v. Wheeler, No. 11-6643, 2012 WL 5417557, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished) (citing United States

2

v. Powell, 691 F.3d 554 (4th Cir. 2012)); see also United States v. Walker, 2012 WL 5359506, at *1 (4th Cir. filed Nov. 1, 2012) (unpublished) (rejecting petitioner's challenge to the validity of his prior convictions that were relied upon to establish his status as a career offender, and holding that "Carachuri claims may not be raised retroactively in collateral proceedings").

## II. DISCUSSION

A. Section 2241

The Court finds that relief under Section 2241 is unavailable to Petitioner as his effort is solely focused on challenging the fairness or legality of his sentence. A petitioner seeking to attack his conviction or sentence must file a motion under § 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under § 2255 is "inadequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of one of constitutional law.

Jones, at 333-34.

In the present case, Petitioner does not fairly challenge the legality of his conviction, rather he challenges his sentence which he contends was based on a prior North Carolina drug conviction that he asserts is no longer properly considered in determining a sentencing enhancement. As Petitioner is only challenging his sentence he has therefore failed to demonstrate that pursuit of relief through the provisions of Section 2255 is inadequate. Moreover, even without consideration of the prior drug conviction, Petitioner was still sentenced

3

to a term of imprisonment within the maximum as allowed by law. See 21 U.S.C. § 841(b) (an unenhanced sentence carries a sentence of not more than 10 years nor more than life).[1]

For the foregoing reasons, Petitioner's Section 2241 motion will be denied.

B.   Coram Nobis Relief

Petitioner has pled an alternative claim for relief asking this Court to grant him a petition for a writ of *coram nobis*. Relief pursuant to a writ of *coram nobis* should be limited to petitioners that are no longer in custody on their conviction. See Carlisle v. United States, 517 U.S. 416, 428-29 (1996); see also United States v. Orocio, 645 F.3d 630, 634 n.4 (3rd Cir. 2011) ("The writ of error coram nobis 'is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and he is no longer in custody for purposes of 28 U.S.C. § 2255.'"). First, Petitioner is still in custody, and second, Petitioner does not contest his conviction rather he only contests his sentence. The petition will be denied.

C.   Writ of Audita Querela

Finally, the Court finds that the writ of *audita querela* is unavailable to a petitioner that may otherwise challenge his conviction or sentence by way of a Section 2255 motion. "A writ of *audita querela* is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255." In re Moore, 2012 WL 5417618, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished) (citing United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002), and United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992) (noting that relief under this writ is unavailable to a petitioner who could raise his claim pursuant to Section 2255). Based on the precedent discussed supra, at 2-3, Petitioner's apparent lack of relief under Section 2255 does not

---

[1] Among other convictions, Petitioner was convicted under 21 U.S.C. § 846 which provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those proscribed for the offense . . ."

otherwise render the motion unavailable. This petition will be denied.

## III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Section 2241 motion is **DENIED**.

2. Petitioner's petition for a writ of *coram nobis* is **DENIED**.

3. Petitioner's petition for a writ of *audita querela* is **DENIED**.

   The Clerk of Court is respectfully directed to close this case.

Signed: April 1, 2013

Richard L. Voorhees
United States District Judge