IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-CV-00049-RLV
(5:03-CR-00004-RLV-3)

| | |
|---|---|
| JORGE GONZALEZ-JAIMES, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | **O R D E R** |

**THIS MATTER** is before the Court on remand from the Fourth Circuit.

## I. BACKGROUND

On May 23, 2003, Petitioner pleaded guilty without a plea agreement to one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (Count 1); two counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841 (Counts 3 and 10); and one count of possession with intent to distribute cocaine and aiding and abetting the same, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count 8). (5:03-cr-00004, Doc. No. 23: Indictment; Doc. No. 140: Entry and Acceptance of Guilty Plea).[1] Petitioner was sentenced to a term of 240-months' imprisonment on all counts with all terms of imprisonment to run concurrently. (Id., Doc.

---

[1] Prior to the entry of his guilty plea, the Government filed a notice, pursuant to 21 U.S.C. § 851, of its intention to seek enhanced penalties based on a prior North Carolina drug conviction for felony possession of marijuana, which Petitioner sustained in 1997 in Stokes County Superior Court. Petitioner was sentenced to a suspended term of 4-6 months in prison. (Id., Doc. No. 35: § 851 Information; Doc. No. 929: Presentence Report ¶ 49).

1

No. 193: Judgment).[2] Petitioner's judgment was affirmed on appeal. See United States v. Gonzalez-Jaimes, 91 F. App'x 886 (4th Cir. 2004) (unpublished). On October 5, 2005, the Court dismissed Petitioner's pro se § 2255 Motion to Vacate his judgment and he did not appeal, and the Fourth Circuit denied his petition to file a successive § 2255 motion pursuant to 28 U.S.C. § 2255(h). In re: Jorge Gonzalez-Jaimes, No. 13-131 (4th Cir. Mar. 12, 2013). (5:03-cr-00004, Doc. No. 928)

On March 25, 2013, Petitioner filed a petition for habeas relief from his judgment pursuant to 21 U.S.C. § 2241 contending that he is entitled to sentencing relief based on, among other authority, the Fourth Circuit's en banc opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner also included alternative claims for relief pursuant to petitions for writs of *coram nobis* or *audita querela* under 28 U.S.C. § 1651 (the "All Writs Act").[3] In his motion, Petitioner argued that his 1997 state drug conviction, which the Government noticed pursuant to 21 U.S.C. § 851, is no longer a valid, predicate conviction that can support his statutory mandatory-minimum sentence of 240-months because he could not have received more than a year in prison on the conviction. Consequently, Petitioner contended that he was entitled to be resentenced

---

[2] Petitioner was sentenced below his Guideline range of 324 to 405 months in prison that was calculated in his Presentence Report after the Court granted the Government's motion for downward departure based on substantial assistance. See U.S. Sentencing Guidelines Manual, § 5K1.1 (2002).

[3] In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense to enhance a sentence under federal law, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year under North Carolina law. Simmons, 649 F.3d at 243 (emphasis added) (examining North Carolina's Structured Sentencing Act). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

2

without the Court's consideration of his prior state drug conviction. (5:13-cv-00049, Doc. No. 1: Petition for Writ of Habeas Corpus).

On April 1, 2013, the Court entered an Order denying the § 2241 petition and his alternative claims for relief. In sum, the Court found that § 2241 relief was precluded by the Fourth Circuit's opinion in In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000), and his alternative claims for relief were barred by other controlling precedent. Petitioner appealed and the Fourth Circuit granted the parties' joint motion to remand to this Court to consider the Government's position that Petitioner is entitled to habeas relief under § 2241. See Jorge Gonzalez-Jaimes v. United States, No. 13-6881 (4th Cir. filed Jan. 30, 2014). (Id., Doc. No. 7). Following remand, Petitioner filed an amended § 2241 petition wherein he again challenges his mandatory minimum term of imprisonment and he renews his claims for relief through writs of *coram nobis* or *audita querla*. (Id., Doc. No. 9). The Government has filed a response and agrees that Petitioner is entitled to sentencing relief under § 2241 based on Simmons, among other authority. (Id., Doc. No. 11).

## II. DISCUSSION

It is undisputed that Petitioner's 1997 North Carolina drug conviction no longer qualifies as a predicate felony following Simmons. However, a petitioner seeking to attack his conviction or sentence must file a motion under § 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir.

3

2000) (internal citations omitted). The Fourth Circuit has concluded, and recently reaffirmed, that the remedy under § 2255 is "in adequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of one of constitutional law.

Id. at 333-34. See also United States v. Surratt, Jr., 797 F.3d 240 (4th Cir. 2015) (applying Jones and denying § 2241 relief from mandatory life sentence based on now invalid North Carolina felony drug conviction under Simmons).

Here, Petitioner does not challenge the legality of his conviction, rather he contends that he should be entitled to habeas relief from his mandatory minimum sentence under § 2241. The Court finds, however, that based on the foregoing authority, Petitioner is not entitled to habeas relief from his sentence under § 2241.

Finally, Petitioner seeks relief through a writ of error *coram nobis* or a writ of *audita querela*. *Coram nobis* relief is only available when all other avenues of relief are inadequate and where the defendant is no longer in custody. Wilson v. Flaherty, 689 F.3d 332, 339 (4th Cir. 2012); United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012). Here, Petitioner is in custody, rendering *coram nobis* relief unavailable.

Similarly, *audita querela* relief is only available to "plug a gap in the system of federal postconviction remedies," United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992). Petitioner's claim does not fall within such a gap.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's habeas petition under 28 U.S.C. § 2241 is **DENIED**.

**IT IS FURTHER ORDERED** that the petitions for *coram nobis* and *audita querela* are **DENIED**.

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: October 21, 2015

Richard L. Voorhees
United States District Judge